## CASE ANNOUNCEMENTS

*December 17, 2004*

[Cite as *12/17/2007 Case Announcements,* 2007-Ohio-6674.]

## DISCIPLINARY CASES

**2007–1582. Disciplinary Counsel v. Olivito.**
On August 21, 2007, relators, Disciplinary Counsel and Mahoning County Bar Association, filed a motion for an order to show cause why respondent, Richard A. Olivito, Attorney Registration No. 0041242, last known business address in Steubenville, Ohio, should not be held in contempt for failing to comply with the June 8, 2007 order of the hearing panel of the Board of Commissioners on Grievances and Discipline to submit to a psychiatric examination by Dr. Arthur Rosenbaum. On September 28, 2007, this court granted the motion to the extent that respondent was ordered to show cause by filing a written response. Respondent did not file a written response to the show cause order. On November 19, 2007, this court ordered respondent to appear before the court on December 11, 2007. Respondent appeared as ordered. Upon consideration thereof,
It is ordered by this court that respondent is held in contempt and suspended from the practice of law for failing to comply with the June 8, 2007 order of the hearing panel. It is further ordered that respondent shall not be permitted to apply for reinstatement to the practice of law in this matter until he files proof with this court that he has complied with the order by submitting to a psychiatric examination by Dr. Arthur Rosenbaum.
It is further ordered that the respondent immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.
It is further ordered that respondent is hereby forbidden to counsel or advise or prepare legal instruments for others or in any manner perform such services.
It is further ordered that respondent is hereby divested of each, any, and all of the rights, privileges, and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.
It is further ordered that pursuant to Gov.Bar R. X(3)(G), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of

the total credit hours of continuing legal education required by Gov.Bar R. X(3)(G), respondent shall complete one credit hour of instruction related to professional conduct required by Gov.Bar R. X(3)(A)(1) for each six months, or portion of six months, of the suspension.

It is further ordered, sua sponte, by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of such award.

It is further ordered that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent files a written application with the Clerk of this court requesting that he be purged of contempt and reinstated to the practice of law and respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar; (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio; (3) respondent complies with this and all other orders of the court; (4) relator files evidence with the Clerk of this court demonstrating that respondent has complied with the order of the hearing panel of the Board of Commissioners on Grievances and Discipline; and (5) this court orders respondent be purged of contempt and reinstated to the practice of law.

It is further ordered that on or before 30 days from the date of this order, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of respondent's suspension and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of respondent's disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the respondent may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

It is further ordered that respondent shall keep the Clerk, the Disciplinary Counsel, and the Mahoning County Bar Association advised of any change of address where respondent may receive communications.

It is further ordered, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

It is further ordered, sua sponte, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Office of Attorney Services.

It is further ordered that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.