DISCIPLINARY COUNSEL *v.* STERN.

[Cite as *Disciplinary Counsel v. Stern,*
106 Ohio St.3d 266, 2005-Ohio-4804.]

(No. 2005–0283—Submitted April 13, 2005—Decided September 28, 2005.)

**Per Curiam.**

{¶ 1} Respondent, Ira Sidney Stern, formerly of Columbus, Ohio, Attorney Registration No. 0028725, was admitted to the Ohio bar in 1979. On March 29, 2004, we imposed an interim suspension under Gov.Bar R. V(5)(A)(4) after we received notice that respondent had been convicted of a felony offense. *In re Stern,* 101 Ohio St.3d 1495, 2004-Ohio-1482, 805 N.E.2d 1133.

{¶ 2} In April 2004, relator, Disciplinary Counsel, charged respondent with professional misconduct. Respondent was served with the relator's complaint but did not answer, and relator moved for default pursuant to Gov.Bar R. V(6)(F)(1). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion and prepared findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

{¶ 3} In 2003, respondent entered pleas of guilty to four federal criminal charges in the United States District Court for the Southern District of Ohio, case Nos. CR–2–02–21 and CR–2–03–56. Those criminal offenses were (1) conspiracy to distribute and to possess with the intent to distribute heroin, a violation of Sections 841 and 846, Title 21, U.S.Code, (2) maliciously damaging a building by fire, a violation of Section 844(i), Title 18, U.S.Code, (3) bank fraud, a

violation of Section 1344, Title 18, U.S.Code, and (4) money laundering (engaging in a monetary transaction in property of a value greater than $10,000 where the property had been derived from a specified unlawful activity), a violation of Section 1957, Title 18, U.S.Code. Respondent was sentenced to a term of 12 months in prison on the first charge and 60 months in prison on each of the other three charges. The three 60–month sentences are to be served concurrently, but they are to run consecutively to the 12–month sentence. Once he is released from prison, respondent must serve a three-year period of supervised release.

{¶ 4} The crimes occurred between 1999 and 2001. The drug charge resulted from respondent's purchase of heroin with the intent to resell it to his girlfriend and others. The remaining charges are all connected to the following scheme: After the respondent purchased rental property in Columbus in 1999, he arranged to have the property damaged or destroyed by fire. After the fire, he obtained a check from an insurance company for the fire damage, then forged a signature for the other payee on the check and retained the proceeds. He also later forged a signature on another check, deposited it, and retained the proceeds.

{¶ 5} Relator alleged in 2004 that respondent had thereby violated three Disciplinary Rules: DR 1–102(A)(3) (barring illegal conduct involving moral turpitude), 1–102(A)(4) (barring conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1–102(A)(6) (barring conduct that adversely reflects on a lawyer's fitness to practice law).

{¶ 6} The master commissioner found that respondent had violated all three of those provisions, and the board agreed. In recommending a sanction for this misconduct, the master commissioner and board considered the aggravating and mitigating factors of respondent's case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The board cited no aggravating factors beyond the criminal convictions described above. On the mitigating side of the equation, the board noted that respondent had no prior disciplinary record. BCGD Proc.Reg. 10(B)(2)(a).

{¶ 7} Relator recommended that respondent be permanently disbarred, as did the master commissioner. The board adopted that recommendation.

{¶ 8} After reviewing the matter, we find that respondent did indeed commit the misconduct found by the board, and we conclude that disbarment is the appropriate sanction. A lawyer who engages in the kind of criminal conduct committed by respondent violates the duty to maintain personal honesty and integrity, which is one of the most basic professional obligations owed by lawyers to the public. Respondent's misconduct was harmful to the legal profession, which is and ought to be a high calling dedicated to the service of clients and the

public good. "[P]ermanent disbarment is an appropriate sanction for conduct that violates DR 1–102 and results in a felony conviction." *Disciplinary Counsel v. Gallagher* (1998), 82 Ohio St.3d 51, 52, 693 N.E.2d 1078.

{¶ 9} Accordingly, respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Joseph M. Caligiuri, Assistant Disciplinary Counsel, for relator.