DISCIPLINARY COUNSEL *v.* ZACCAGNINI.

[Cite as *Disciplinary Counsel v. Zaccagnini,*

**130 Ohio St.3d 77, 2011-Ohio-4703.**]

*Attorneys—Misconduct—Federal conviction of conspiracy—Unlawfully obtaining*
*county contracts for commercial property appraisals through kickbacks to*
*county auditor employees—Permanent disbarment.*

(No. 2011-0283—Submitted April 6, 2011—Decided September 21, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 10-079.

_____

**Per Curiam.**

{¶ 1} Respondent, Bruce Alan Zaccagnini, who is currently incarcerated at the Morgantown Federal Correctional Institution, Attorney Registration No. 0034358, was admitted to the practice of law in Ohio in 1986.

{¶ 2} In May 2010, we imposed an interim felony suspension from the practice of law against respondent after he pleaded guilty to one count of felony conspiracy in the United States District Court for the Northern District of Ohio, Eastern Division, and was sentenced to 60 months' incarceration and ordered to pay restitution of $3,215,845 to Cuyahoga County. *In re Zaccagnini*, 125 Ohio St.3d 1430, 2010-Ohio-2261, 927 N.E.2d 3.

{¶ 3} On August 16, 2010, relator, Disciplinary Counsel, filed a complaint charging respondent with a single count of professional misconduct arising from his participation in a conspiracy to unlawfully obtain lucrative contracts to provide appraisals of commercial real estate for the Cuyahoga County Auditor's Office. Respondent was served with a copy of the complaint and forwarded it to his attorney, who requested and received an extension of time to respond.

**{¶ 4}** Respondent did not file an answer, and relator moved for default pursuant to Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline reviewed the evidence, made findings of misconduct and conclusions of law, and recommended that respondent be permanently disbarred from the practice of law in Ohio, all of which the board adopted. We adopt the board's report and permanently disbar respondent.

**Misconduct**

**{¶ 5}** The evidence demonstrates that on October 1, 2009, respondent pleaded guilty to one felony count of conspiracy in violation of Section 1951, Title 18, U.S.Code. The plea agreement states that respondent participated in a conspiracy with his law partners and others to unlawfully obtain contracts for certain businesses, substantially controlled by one of his partners, to perform commercial appraisals for the Cuyahoga County auditor.

**{¶ 6}** From March 1998 through January 2008, as a result of the conspiracy, the businesses obtained more than $21 million in commercial appraisal contracts with the county. During that time, respondent and his partners paid approximately $1.4 million in kickbacks to two employees of the auditor's office. Respondent's firm, in turn, performed all of the bookkeeping, invoicing, and banking for the businesses and collected almost $9 million in fees—more than the value of the services they provided.

**{¶ 7}** One of respondent's partners died in 2006, and the law firm dissolved. Respondent and a relative of one of his former partners formed another business to continue the conspiracy. That business collected revenue of almost $3.7 million, which exceeded the value of the services it provided.

**{¶ 8}** Based upon this conduct, the board found that respondent had violated DR 1-102(A)(3) (prohibiting a lawyer from engaging in illegal conduct involving moral turpitude), DR 1-102(A)(4) and Prof.Cond.R. 8.4(c) (both prohibiting a lawyer from engaging in conduct involving dishonesty, fraud,

deceit, or misrepresentation), DR 1-102(A)(5) and Prof.Cond.R. 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and DR 1-102(A)(6) and Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).[1] We adopt the board's findings of fact and misconduct.

### Sanction

{¶ 9} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 10} The board found that respondent's lack of a prior disciplinary record and the imposition of criminal sanctions, including incarceration and an order of restitution, were mitigating factors. See BCGD Proc.Reg. 10(B)(2)(a) and (f). Aggravating factors found by the board include respondent's dishonest or selfish motive and his "widespread pattern of criminal misconduct and corruption that resulted in great harm to the residents of Cuyahoga County and all county government." See BCGD Proc.Reg. 10(B)(1)(b), (c), and (h).

---

1. Relator charged respondent with misconduct under applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which supersede the Disciplinary Rules of the Code of Professional Responsibility. Although both the former and current rules are cited for the same acts, the allegations comprise a single continuing ethical violation. *Disciplinary Counsel v. Freeman*, 119 Ohio St.3d 330, 2008-Ohio-3836, 894 N.E.2d 31, ¶ 1, fn. 1.

**{¶ 11}** Relator seeks and the board recommends respondent's permanent disbarment from the practice of law in Ohio.

**{¶ 12}** In *Toledo Bar Assn. v. Ritson*, 127 Ohio St.3d 89, 2010-Ohio-4504, 936 N.E.2d 931, ¶ 4, 36, we permanently disbarred an attorney who had participated for nearly five years in a criminal conspiracy to induce real estate professionals to join two professional organizations by falsely claiming that members would receive errors-and-omissions insurance as a benefit of their membership. We noted that Ritson's actions "caused harm to approximately 3,000 victims and resulted in a restitution order totaling $3.7 million." Id. at ¶ 34. Here, respondent's conduct has lasted approximately ten years, victimized every taxpayer in Cuyahoga County, and resulted in a five-year prison sentence and a restitution order of $3,215,845.

**{¶ 13}** Having reviewed the record, weighed the aggravating and mitigating factors, and considered the sanction imposed for comparable conduct, we adopt the board's recommended sanction.

**{¶ 14}** Accordingly, Bruce Alan Zaccagnini is permanently disbarred from the practice of law in Ohio.

**{¶ 15}** Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Joseph M. Caligiuri, Assistant Disciplinary Counsel, for relator.

_____