**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Mahoning Cty. Bar Assn. v. Marrelli,* **Slip Opinion No. 2015-Ohio-4614.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-4614

MAHONING COUNTY BAR ASSOCIATION *v.* MARRELLI.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Mahoning Cty. Bar Assn. v. Marrelli,* Slip Opinion No. 2015-Ohio-4614.]**

*Attorneys—Misconduct—Making an agreement for, charging, or collecting an illegal or clearly excessive fee—Failing to give client proper notice prior to division of legal fees—Failing to hold property of client in interest-bearing client trust account—Knowingly failing to respond to demand for information during a disciplinary investigation—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Neglecting or refusing to assist in a disciplinary investigation—Failing to keep the Office of Attorney Services apprised of the attorney's residence and office addresses—Indefinite suspension, with credit for time served under interim default suspension.*

(No. 2013-1253—Submitted April 14, 2015—Decided November 10, 2015.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2013-035.

_____

**Per Curiam.**

{¶ 1} Respondent, Deneen Marie Marrelli of Toledo, Ohio, Attorney Registration No. 0043728, was admitted to the practice of law in Ohio in 1989. On August 31, 1999, we suspended her license based on her failure to comply with the continuing-legal-education ("CLE") requirements of Gov.Bar R. X. *In re Continuing Legal Edn. Suspension of George*, 86 Ohio St.3d 1468, 715 N.E.2d 570 (1999). We reinstated her license on March 5, 2002. *In re Reinstatement of George*, 94 Ohio St.3d 1493, 763 N.E.2d 1189 (2002).

{¶ 2} On June 10, 2013, relator, Mahoning County Bar Association, filed a complaint with the Board of Commissioners on Grievances and Discipline, now known as the Board of Professional Conduct,[1] charging Marrelli with violations of five Rules of Professional Conduct and two Rules for the Government of the Bar, arising out of her brief representation of a single client. Because Marrelli did not answer the complaint or respond to a show-cause order, we imposed an interim default suspension under Gov.Bar R. V(6a)(B)(1)[2] on September 23, 2013. *See Mahoning Cty. Bar Assn. v. Marrelli*, 136 Ohio St.3d 1268, 2013-Ohio-4081, 995 N.E.2d 1205. After Marrelli responded to an order to show cause why her interim default suspension should not be converted to an indefinite suspension, we remanded the matter to the board for consideration of mitigation evidence only. *Mahoning Cty. Bar Assn. v. Marrelli*, 139 Ohio St.3d 1423, 2014-Ohio-2626, 10 N.E.3d 742.

---

[1] *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.
[2] Effective January 1, 2015, the provisions previously set forth in Gov.Bar R. V(6a)(B)(1) are codified in Gov.Bar R. V(14)(B)(1). 140 Ohio St.3d CXXVI.

{¶ 3} After a hearing, at which Marrelli testified, the panel recommended that Marrelli be indefinitely suspended from the practice of law for the charged ethical violations, which she is deemed to have committed by virtue of her default, but that she be credited for the time served under her interim default suspension. The board adopted the panel's findings and recommended sanction. We adopt the board's report in its entirety and indefinitely suspend Marrelli from the practice of law with credit for the time she has served under her September 23, 2013 interim default suspension.

**Misconduct**

{¶ 4} Relator's complaint alleged that in the course of representing Paul Robinson in a post-decree custody matter in July 2010 and in the course of the ensuing disciplinary investigation, Marrelli violated Prof.Cond.R. 1.5(a) (prohibiting a lawyer from making an agreement for, charging, or collecting an illegal or clearly excessive fee), 1.5(e)(2) (permitting lawyers to divide fees with lawyers who are not in their firm only after the client has given written consent after a full disclosure of the identity of each lawyer, that the fees will be divided, and that the division of fees will be in proportion to the services to be performed by each lawyer or that each lawyer will assume joint responsibility for the representation), 1.15(a) (requiring a lawyer to hold the property of clients in an interest-bearing client trust account, separate from the lawyer's own property), 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation), and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and that she also violated former Gov.Bar R. V(4)(G) (prohibiting a lawyer from neglecting or refusing to assist in a disciplinary investigation)[3] and Gov.Bar R. VI(1)(D) (requiring a lawyer to keep

---

[3] Effective January 1, 2015, the provisions previously set forth in Gov.Bar R. V(4)(G) are codified in Gov.Bar R. V(9)(G). 140 Ohio St.3d CXIX.

the Office of Attorney Services apprised of the lawyer's residence and office addresses). Pursuant to her default and failure to timely move this court for leave to answer the pending complaint, she is deemed to have committed each of these violations.

**Mitigation and Sanction**

{¶ 5} Based on Marrelli's testimony, the board found that the only mitigating factor present was that she did not act with a dishonest or selfish motive. *See* BCGD Proc.Reg. 10(B)(2)(b); Gov.Bar R. V(13)(C)(2).[4] The board also found that Marrelli prepared to go forward on the affected client's case on two separate occasions—performing between 18 and 20 hours of work and billing him for just 8 hours of that work at $150 per hour—but that the client failed to appear at both hearings. Because the client had paid her $2,000 and received a refund of $1,100 from the law firm that served as her co-counsel in his case, the board determined that no restitution should be ordered as a condition of reinstatement. *See* BCGD Proc.Reg. 10(B)(2)(c); Gov.Bar R. V(13)(C)(3).

{¶ 6} The parties agreed that the appropriate sanction for Marrelli's misconduct is an indefinite suspension with credit for time served under her September 23, 2013 interim default suspension. The board adopted the parties' recommendation. Based on Marrelli's conduct—including her default in the disciplinary proceedings and her failure to move this court for leave to answer relator's complaint within 180 days following our order imposing the interim default suspension—we agree that an indefinite suspension with credit for time served under the interim default suspension is the appropriate sanction in this case. *See* Gov.Bar R. V(14)(E).

---

[4] Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B)(1) and (2) are codified in Gov.Bar R. V(13). 140 Ohio St.3d CXXIV.

{¶ 7} Accordingly, Deneen Marie Marrelli is indefinitely suspended from the practice of law in Ohio with credit for time served under her interim default suspension. Costs are taxed to Marrelli.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

David Comstock Jr. and Ronald E. Slipski, Bar Counsel, for relator.

Deneen Marie Marrelli, pro se.

_____