DISCIPLINARY COUNSEL *v*. THOMAS.

[Cite as *Disciplinary Counsel v. Thomas,* ___ Ohio St.3d ___,

**2016-Ohio-1281.**]

(No. 2016-0208—Submitted March 25, 2016—Decided March 29, 2016.)

ON ORDER TO SHOW CAUSE

————————————

**{¶ 1}** This cause is pending before the Supreme Court of Ohio in accordance with the reciprocal discipline provisions of Gov.Bar R. V(20).

**{¶ 2}** On February 10, 2016, relator, disciplinary counsel, filed with this court a certified copy of an order of the Supreme Court of Appeals of West Virginia entered January 20, 2016, in *Lawyer Disciplinary Board v. Mark Alan Thomas*, in Case No. 14-1321, suspending respondent, Mark Alan Thomas, from the practice of law for a period of 60 days, followed by one year of probation with supervised practice. On February 16, 2016, this court ordered respondent to show cause why identical or comparable discipline should not be imposed in this state. No objections to said final report were filed, and this cause was considered by the court.

**{¶ 3}** On consideration thereof, it is ordered and adjudged by this court that, pursuant to Gov.Bar R. V(20)(C), respondent, Mark Alan Thomas, Attorney Registration No. 0037922, last known business address in St. Clairsville, Ohio, is suspended from the practice of law for a period of 60 days and respondent will not be reinstated to the practice of law in Ohio until such time as respondent is reinstated to the practice of law in the state of West Virginia. It is further ordered that upon reinstatement to the practice of law in Ohio, respondent shall complete a one-year period of monitored probation that will be satisfied by respondent's compliance with the terms of respondent's probation ordered by the Supreme

Court of Appeals of West Virginia. Respondent's probation will not be terminated until such time as respondent's probation is terminated in the state of West Virginia, respondent applies for termination of probation, and the court orders the probation terminated.

{¶ 4} It is further ordered that respondent immediately cease and desist from the practice of law in any form and is forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

{¶ 5} It is further ordered that respondent is forbidden to counsel, advise, or prepare legal instruments for others or in any manner perform legal services for others.

{¶ 6} It is further ordered that respondent is divested of each, any, and all of the rights, privileges, and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

{¶ 7} It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, respondent shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(23)(C). If employed pursuant to Gov.Bar R. V(23), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(23)(A)(1) and from receiving, disbursing, or otherwise handling any client trust funds or property.

{¶ 8} It is further ordered that pursuant to Gov.Bar R. X(13), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(13), respondent shall complete one credit hour of instruction related to professional conduct required by Gov.Bar R. X(3)(B) for each six months, or portion of six months, of the suspension.

**{¶ 9}** It is further ordered by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against respondent by the Lawyers' Fund for Client Protection pursuant to Gov.Bar R. VIII(7)(F). It is further ordered by the court that if after the date of this order, the Lawyers' Fund for Client Protection awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Lawyers' Fund for Client Protection within 90 days of the notice of that award.

**{¶ 10}** It is further ordered that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio, (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, (3) respondent files evidence with the clerk of this court and with disciplinary counsel demonstrating his reinstatement to the practice of law in West Virginia, (4) respondent complies with this and all other orders issued by this court, and (5) this court orders respondent reinstated.

**{¶ 11}** It is further ordered that on or before 30 days from the date of this order, respondent shall do the following:

**{¶ 12}** 1. Notify all clients being represented in pending matters and any co-counsel of respondent's suspension and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

**{¶ 13}** 2. Regardless of any fees or expenses due, deliver to all clients being represented in pending matters any papers or other property pertaining to the client or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

**{¶ 14}** 3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

**{¶ 15}** 4. Notify opposing counsel or, in the absence of counsel, the adverse parties in pending litigation of respondent's disqualification to act as an attorney after the effective date of this order and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

**{¶ 16}** 5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

**{¶ 17}** 6. File with the clerk of this court and the disciplinary counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

**{¶ 18}** 7. Retain and maintain a record of the various steps taken by respondent pursuant to this order

**{¶ 19}** It is further ordered that until such time as respondent fully complies with this order, respondent shall keep the clerk and disciplinary counsel advised of any change of address where respondent may receive communications.

**{¶ 20}** It is further ordered that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings. All case documents are subject to Sup.R. 44 through 47, which govern access to court records.

**{¶ 21}** It is further ordered that service shall be deemed made on respondent by sending this order, and all other orders in this case, to respondent's last known address.

**{¶ 22}** It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(17)(D)(1) and that publication be made as provided for in Gov.Bar R. V(17)(D)(2).

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____