**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*Disciplinary Counsel v. Alo,* **Slip Opinion No. 2017-Ohio-4270.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-4270

DISCIPLINARY COUNSEL *v*. ALO.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Alo,* Slip Opinion No. 2017-Ohio-4270.]**

*Attorneys—Misconduct—Federal felony conviction based on participation in bribery and kickback scheme—Multiple violations of the Rules of Professional Conduct, including engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation and engaging in conduct that adversely reflects on the lawyer's fitness to practice law—Prior discipline imposed for failing to carry out contracts of employment, failing to return unearned fees, failing to cooperate in disciplinary proceedings, and engaging in dishonest conduct in the representation of numerous former clients— Permanent disbarment.*

(No. 2015-2053—Submitted March 1, 2017—Decided June 15, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-057.

_____

**Per Curiam.**

{¶ 1} Respondent, Mohammed Noure Alo, Attorney Registration No. 0078288, whose last known business address was in Columbus, Ohio, was admitted to the practice of law in Ohio in 2004. In this default proceeding, the Board of Professional Conduct recommends that we permanently disbar him. For the reasons explained below, we accept the board's recommendation.

## Procedural Background

{¶ 2} Alo's license is currently subject to several ongoing suspensions. In June 2014, we suspended his license on an interim basis after receiving notice that he had been convicted of a felony for his involvement in a bribery and kickback scheme at the office of the treasurer of the state of Ohio. *In re Alo*, 139 Ohio St.3d 1245, 2014-Ohio-2808, 12 N.E.3d 1223. In a separate disciplinary proceeding, we imposed an interim default suspension in January 2015 under Gov.Bar R. V(14)(B)(1) due to his failure to answer a complaint charging him with professional misconduct in numerous client matters unrelated to his federal conviction. *Disciplinary Counsel v. Alo*, 141 Ohio St.3d 1252, 2015-Ohio-16, 24 N.E.3d 1172. In August 2015, we ordered that the suspension be converted into an indefinite suspension under Gov.Bar R. V(14)(E)(1) after he failed to respond to an order to show cause. *Disciplinary Counsel v. Alo*, 143 Ohio St.3d 1284, 2015-Ohio-3258, 40 N.E.3d 1144. And in November 2015, we suspended him for failing to register as an attorney for the 2015-2017 biennium. *In re Attorney Registration Suspension of Alo*, 143 Ohio St.3d 1509, 2015-Ohio-4567, 39 N.E.3d 1277.

{¶ 3} In October 2015, relator, disciplinary counsel, filed the underlying complaint based on the activities that led to Alo's criminal conviction. After Alo failed to respond, the board certified his default to this court, and in January 2016, we imposed an interim default suspension. *Disciplinary Counsel v. Alo*, 145 Ohio St.3d 1244, 2016-Ohio-197, 49 N.E.3d 307. Relator timely moved to remand the

case to the board for the purpose of seeking Alo's permanent disbarment. *See* Gov.Bar R. V(14)(D) (permitting a relator, within 180 days of the entry of an interim default suspension, to file a motion with this court to have the case remanded to the board for the purpose of seeking disbarment). We granted relator's request in August 2016, 146 Ohio St.3d 1485, 2016-Ohio-5529, 57 N.E.3d 1166, and on remand, the board appointed a master to hear relator's motion for default, *see* Gov.Bar R. V(14)(F)(2)(a).

{¶ 4} Based on relator's sworn evidence, the master found that Alo had committed the charged misconduct and recommended disbarment. Pursuant to Gov.Bar R. V(14)(F)(2)(a)(iii), the board issued a report adopting the master's findings and recommended sanction.

## Misconduct

{¶ 5} In August 2013, the federal government charged Alo with conspiring with Amer Ahmad, a former chief financial officer and deputy treasurer at the state treasurer's office and Alo's close personal friend, and others to commit bribery, wire fraud, and money laundering. The government alleged that between 2009 and 2011, Alo helped devise and participated in a criminal scheme in which Ahmad used his role at the treasurer's office to improperly secure lucrative public brokerage deals for Douglas Hampton—Ahmad's personal financial advisor and high-school classmate—who, in return, paid Ahmad, Alo, and other individuals and entities kickbacks from the commissions that he had been paid on the deals. According to the indictment, Hampton received over $3.2 million in commissions during the conspiracy and funneled part of that money to Ahmad and others, including Alo.

{¶ 6} In December 2013, Alo entered into a plea agreement and pled guilty to aiding and abetting depriving the citizens of Ohio of the honest services of a public official through wire fraud in violation of 18 U.S.C. 2, 1343, and 1346. At his plea hearing, he acknowledged that Ahmad had provided Hampton with

lucrative public business and that on one occasion, Ahmad had directed Hampton to pay Alo $123,622.50 for alleged legal representation and lobbying work, although Alo had not performed any such services for Hampton. Alo further acknowledged that he had instructed Hampton to wire transfer the funds into his personal bank account and that Hampton had done so. Alo therefore admitted to participating in a scheme to defraud the public of its right to the honest services of a public official and to carrying out that scheme through interstate wire communication. In November 2014, a federal judge sentenced him to serve 48 months in prison, complete a three-year term of supervised release, forfeit $123,622.50, and pay a $100 assessment and found him jointly and severally liable with other participants in the scheme to repay the money involved.

{¶ 7} Based on this conduct, the board found that relator established by clear and convincing evidence that Alo violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). The board expressly determined that Alo's misconduct was sufficiently egregious to warrant the finding that he violated Prof.Cond.R. 8.4(h). *See Disciplinary Counsel v. Bricker*, 137 Ohio St.3d 35, 2013-Ohio-3998, 997 N.E.2d 500, ¶ 21.

{¶ 8} We agree with the board's findings of misconduct.

## Sanction

{¶ 9} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors involved, and the sanctions imposed in similar cases.

*Aggravating and mitigating factors*

{¶ 10} As aggravating factors, the board determined that Alo has prior discipline, he acted with a dishonest and selfish motive, he engaged in a pattern of misconduct, he committed multiple offenses, he failed to cooperate in the disciplinary process, and his misconduct caused harm. *See* Gov.Bar R. V(13)(B)(1) through (5) and (8).

{¶ 11} The board found no mitigating factors.

*Applicable precedent*

{¶ 12} To support its recommended sanction, the board focused on Alo's misconduct in both this case and his prior disciplinary proceeding. In the previous case, relator charged Alo with committing wide-ranging professional misconduct in ten client matters, mostly immigration-related cases. For example, relator alleged that Alo had accepted retainers but failed to perform the work or to refund his clients' money, failed to competently and diligently represent clients, failed to cooperate in the ensuing disciplinary investigations, and engaged in dishonest conduct—both while representing clients and during relator's investigation. Because Alo did not participate in the disciplinary process and because relator did not seek permanent disbarment in that case, Alo was deemed to have committed the charged misconduct, *see Mahoning Cty. Bar Assn. v. Marrelli*, 144 Ohio St.3d 253, 2015-Ohio-4614, 41 N.E.3d 1242, ¶ 4, and we converted his interim default suspension into an indefinite suspension pursuant to Gov.Bar R. V(14)(E)(1), *Disciplinary Counsel v. Alo*, 143 Ohio St.3d 1284, 2015-Ohio-3258, 40 N.E.3d 1144.

{¶ 13} The board concluded that because Alo "abus[ed] the trust reposed in him by his clients" in his earlier disciplinary matter and "assisted Ahmad in abusing his official office and received funds generated through bribes and kickbacks which he disguised as legal fees," he should be disbarred.

**{¶ 14}** We agree with the board's ultimate conclusion. Permanent disbarment is an appropriate sanction for conduct that violates Prof.Cond.R. 8.4(b), (c), and (h) and results in a felony conviction. *See Disciplinary Counsel v. Stern*, 106 Ohio St.3d 266, 2005-Ohio-4804, 834 N.E.2d 351, ¶ 8. For example, we disbarred an attorney who was convicted of felony conspiracy based on his participation in a scheme in which the Cuyahoga County auditor's office awarded contracts to the attorney and his law partners in exchange for their paying kickbacks to certain employees in the auditor's office. *Disciplinary Counsel v. Zaccagnini*, 130 Ohio St.3d 77, 2011-Ohio-4703, 955 N.E.2d 977. We also disbarred an attorney convicted of conspiracy to commit mail fraud and wire fraud relating to his participation in a criminal plan to induce real-estate agents and appraisers to join professional organizations based on false promises. *Toledo Bar Assn. v. Ritson*, 127 Ohio St.3d 89, 2010-Ohio-4504, 936 N.E.2d 931.

**{¶ 15}** Here, Alo similarly participated in a criminal scheme that resulted in a felony conviction. Alo's misconduct harmed the legal profession, "which is and ought to be a high calling dedicated to the service of clients and the public good." *Stern* at ¶ 8. But Alo used his law license to further a plan to defraud the citizens of Ohio. "A lawyer who engages in the kind of criminal conduct committed by respondent violates the duty to maintain personal honesty and integrity, which is one of the most basic professional obligations owed by lawyers to the public." *Id.*

**{¶ 16}** In addition, it appears that Alo in effect stole money from the clients whose matters were at issue in his prior disciplinary case and also from a number of other clients by taking retainers and then failing to complete the work or refund their money. *See Disciplinary Counsel v. Henry*, 127 Ohio St.3d 398, 2010-Ohio-6206, 939 N.E.2d 1255, ¶ 33 (accepting retainers, failing to carry out contracts of employment, and failing to return unearned fees " 'is tantamount to theft of the fee from the client' "), quoting *Cincinnati Bar Assn. v. Weaver*, 102 Ohio St.3d 264, 2004-Ohio-2683, 809 N.E.2d 1113, ¶ 16. Indeed, the board noted that as of June

2016, the Lawyers' Fund for Client Protection had paid over $90,000 to Alo's former clients because of his dishonest conduct. And our records indicate that since then, the fund has paid out an *additional* $140,623.62 to Alo's former clients because of his retention of unearned fees.

{¶ 17} The purpose of the attorney-disciplinary system is to protect the public through a process that allows us to ascertain whether a lawyer is unfit to practice law. *See Disciplinary Counsel v. Agopian*, 112 Ohio St.3d 103, 2006-Ohio-6510, 858 N.E.2d 368, ¶ 10. Given the scope and magnitude of Alo's misconduct at issue in his two recent disciplinary cases—including his felony conviction, his misappropriation of client funds, and his complete failure to cooperate or participate in the disciplinary process—we conclude that he is no longer fit to practice law in Ohio.

## Conclusion

{¶ 18} Based on Alo's misconduct and our precedent, we adopt the board's recommended sanction. We therefore order that Alo be permanently disbarred from the practice of law in Ohio. Costs are taxed to Alo.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Donald M. Scheetz, Assistant Disciplinary Counsel, for relator.

_____