**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Bellew,* **Slip Opinion No. 2017-Ohio-9203.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-9203

DISCIPLINARY COUNSEL *v*. BELLEW.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Bellew,* **Slip Opinion No. 2017-Ohio-9203.]**

*Attorneys—Misconduct—Continuing to practice law while under suspension— Failure to promptly deliver funds to client—Neglecting entrusted matter—Engaging in conduct prejudicial to the administration of justice— Engaging in conduct that adversely reflects on lawyer's fitness to practice law—Failure to cooperate with disciplinary investigation—Permanent disbarment.*

(No. 2016-1082—Submitted September 13, 2017—Decided December 28, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-019.

_____

**Per Curiam.**

{¶ 1} Respondent, Timothy Eric Bellew, whose last known address was in Warren, Ohio, Attorney Registration No. 0067573, was admitted to the practice of law in Ohio in 1997.

{¶ 2} Bellew's license has been suspended continuously since January 2015. We first suspended him from the practice of law on an interim basis on January 21, 2015, based on his failure to respond to a disciplinary complaint filed by the Trumbull County Bar Association. *Trumbull Cty. Bar Assn. v. Bellew,* 143 Ohio St.3d 1220, 2015-Ohio-147, 35 N.E.3d 526; Gov.Bar R. V(14)(B)(1). Four more interim suspensions followed in August 2015, February 2016, September 2016, and January 2017, for his failure to respond to additional disciplinary complaints—including the three-count complaint filed in this case by relator, disciplinary counsel. *Disciplinary Counsel v. Bellew*, 143 Ohio St.3d 1292, 2015-Ohio-2374, 40 N.E.3d 1150; *Trumbull Cty. Bar Assn. v. Bellew*, 145 Ohio St.3d 1214, 2016-Ohio-502, 47 N.E.3d 863; *Disciplinary Counsel v. Bellew*, 147 Ohio St.3d 1255, 2016-Ohio-5724, 66 N.E.3d 748 [this case]; and *Trumbull Cty. Bar Assn. v. Bellew*, 149 Ohio St.3d 1258, 2017-Ohio-255, 75 N.E.3d 1269. We have converted three of those interim default suspensions into indefinite suspensions. *Trumbull Cty. Bar Assn. v. Bellew*, 143 Ohio St.3d 1298, 2015-Ohio-3697, 40 N.E.3d 1155; *Disciplinary Counsel v. Bellew*, 147 Ohio St.3d 1202, 2016-Ohio-1534, 59 N.E.3d 1284; *Trumbull Cty. Bar Assn. v. Bellew*, 147 Ohio St.3d 1258, 2016-Ohio-6966, 66 N.E.3d 750.

{¶ 3} On April 12, 2017, we granted relator's motion to remand this proceeding to the Board of Professional Conduct to seek Bellew's permanent disbarment. Thereafter, relator submitted his motion for default disbarment supported by 33 sworn or certified exhibits, including the affidavits of two clients, assistant disciplinary counsel, and relator's investigator. *See* Gov.Bar R. V(14)(F).

{¶ 4} The motion for default was referred to a master appointed by the board for disposition pursuant to Gov.Bar R. V(14)(F)(2)(a). The master recommended that Bellew be permanently disbarred based on findings that Bellew continued to engage in the practice of law while his license was suspended, failed to refund unearned retainers, and failed to cooperate in the ensuing disciplinary investigation. The board adopted the master's findings of fact and conclusions of law and agreed that Bellew should be permanently disbarred. For the reasons that follow, we adopt the board's report and permanently disbar Bellew from the practice of law in Ohio.

## Misconduct

### Count I:  Jessica Mitchell

{¶ 5} On January 14, 2015, Jessica Mitchell paid Bellew a $200 retainer and signed a fee agreement stating that she would pay Bellew $75 per hour plus court costs to represent her in her divorce. A week later, she gave him an additional $250 for her court costs. Bellew filed the complaint for divorce on January 30, 2015—nine days after we first suspended him from the practice of law. Later that day, Bellew texted Mitchell to tell her he had filed her complaint. That was the last communication she received from him.

{¶ 6} Soon thereafter, the domestic-relations court informed Mitchell that Bellew had been suspended from the practice of law and that there were errors in the documents that he had filed on her behalf. She later learned that the $300 check Bellew used to pay her filing fee had been returned for insufficient funds. Indeed, the account the check was written on had been closed for more than five years. Mitchell went to the courthouse to correct the defective documents and paid the filing fee herself. Bellew did not refund any of her money.

{¶ 7} On these facts, the board found that Bellew violated Prof.Cond.R. 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client is entitled to receive), 3.4(c) (prohibiting a lawyer from knowingly

disobeying an obligation under the rules of a tribunal), 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). Consistent with our holding in *Disciplinary Counsel v. Bricker*, 137 Ohio St.3d 35, 2013-Ohio-3998, 997 N.E.2d 500, ¶ 21, the board also found that Bellew's conduct was sufficiently egregious to constitute a separate violation of Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

*Count II: Jessie Simpson*

{¶ 8} Nearly five months after Bellew was suspended from the practice of law, he met Jessie Simpson to discuss an upcoming hearing in her pending child-custody case. Bellew accepted a $200 retainer and had Simpson sign a fee agreement, but he never informed her that his license was under suspension. Although Simpson left him numerous telephone and text messages regarding her impending hearing, she never heard from him again. When Bellew did not appear at the hearing, the court informed Simpson that he had been suspended from the practice of law. The court granted Simpson a continuance to retain new counsel, which she did at additional cost, but Bellew never refunded any portion of her retainer.

{¶ 9} The board found that Bellew's conduct violated Prof.Cond.R. 1.5(a) (prohibiting a lawyer from making an agreement for, charging, or collecting an illegal or clearly excessive fee), 1.16(e) (requiring a lawyer to promptly refund any unearned fee upon the lawyer's withdrawal from employment), 5.5(b)(2) (prohibiting a lawyer who is not admitted to practice in this jurisdiction from holding out to the public or otherwise representing that the lawyer is admitted to practice in this jurisdiction), and 8.4(c).

*Count III: Failure to Cooperate*

{¶ 10} Bellew has failed to cooperate in the investigation of the foregoing misconduct. Relator sent numerous letters to the addresses that Bellew registered with the Office of Attorney Services, but many were returned marked "unclaimed" or "unable to forward." None were answered. In August 2015, relator's investigator learned that Bellew's residence of record was vacant and in foreclosure. After obtaining another address from Bellew's ex-wife, the investigator personally served Bellew with two letters of inquiry, but he did not respond to the letters. When the investigator attempted to hand deliver a notice of relator's intent to file a formal complaint to that same address, Bellew's 14-year-old son took the notice, said he would give it to his father, and gave the investigator a valid telephone number for his father. The investigator then called Bellew, who stated that he would read the notice when he returned home in a few hours. But Bellew never responded to the notice of intent.

{¶ 11} Therefore, the board found that Bellew violated Prof.Cond.R. 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation), Gov.Bar R. V(9)(G) (requiring a lawyer to cooperate in a disciplinary investigation), and former Gov.Bar R. VI(1)(D), 121 Ohio St.3d CXII (2009) (requiring a lawyer to keep the Office of Attorney Services apprised of the lawyer's residence and office addresses).[1]

### Sanction

{¶ 12} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

---

[1] Former Gov.Bar R. VI(1)(D) is now found, somewhat expanded, in Gov.Bar R. VI(4)(A).

**{¶ 13}** As aggravating factors, the board found that Bellew utterly failed to cooperate in the disciplinary process in this case and four others, which have resulted in five interim default suspensions. *See* Gov.Bar R. V(13)(B)(1). Moreover, three of those default suspensions have been converted to indefinite suspensions based on Bellew's continuing failure to engage in the disciplinary process. Bellew is deemed to have committed all of the violations alleged in those complaints, which, taken together with the instant case, include his neglect of no fewer than ten clients, his failure either to reasonably communicate with those clients or to refund the unearned portion of their fees, his failure to maintain proper client-trust-account records, multiple instances of deceitful conduct, and his failure to cooperate in multiple disciplinary investigations. *See Mahoning Cty. Bar Assn. v. Marrelli*, 144 Ohio St.3d 253, 2015-Ohio-4614, 41 N.E.3d 1242, ¶ 4; Gov.Bar R. V(13)(B)(1) and (5). The board also found that Bellew acted with a dishonest and selfish motive, engaged in a pattern of misconduct that involved multiple offenses, and took advantage of vulnerable clients who needed legal assistance by taking their money and abandoning them. *See* Gov.Bar R. V(13)(B)(2), (3), (4), (8), and (9). No mitigating factors are present. *See* Gov.Bar R. V(13)(C)(1) through (8).

**{¶ 14}** In recommending that we permanently disbar Bellew, the board notes that disbarment is the presumptive sanction for two of Bellew's most serious offenses—taking client funds and failing to carry out the contract of employment and continuing to practice law while his license was under suspension. *Disciplinary Counsel v. Henry*, 127 Ohio St.3d 398, 2010-Ohio-6206, 939 N.E.2d 1255, ¶ 33; *Cleveland Metro. Bar Assn. v. Brown*, 143 Ohio St.3d 333, 2015-Ohio-2344, 37 N.E.3d 1199, ¶ 15.

**{¶ 15}** Having independently reviewed the record, we adopt the board's findings of fact, misconduct, and aggravating and mitigating factors. Given that Bellew has not only abandoned multiple clients and failed to refund their retainers,

but failed to cooperate in multiple disciplinary investigations, failed to answer five formal disciplinary complaints filed against him, and continued to practice law while his license was under suspension, we agree that that only appropriate sanction in this case is permanent disbarment.

{¶ 16} Accordingly, Timothy Eric Bellew is permanently disbarred from the practice of law in Ohio. This decision renders moot our July 25, 2017 order to show cause why Bellew's interim default suspension in case No. 2016-1868 should not be converted to an indefinite suspension. Costs are taxed to Bellew.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Michelle R. Bowman, Assistant Disciplinary Counsel, for relator.

_____