**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Akron Bar Assn. v. Bednarski,* **Slip Opinion No. 2017-Ohio-522.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-522

AKRON BAR ASSOCIATION *v.* BEDNARSKI.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Akron Bar Assn. v. Bednarski,* Slip Opinion No. 2017-Ohio-522.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failing to provide competent representation and failing to deposit advance legal fees into a client trust account—Two-year suspension, with six months stayed on conditions.*

(No. 2015-0243—Submitted January 11, 2017—Decided February 16, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-094.

_____

**Per Curiam.**

{¶ 1} Respondent, Holly Lynn Bednarski of Barberton, Ohio, Attorney Registration No. 0077231, was admitted to the practice of law in Ohio in 2004.

**{¶ 2}** On December 15, 2014, relator, Akron Bar Association, filed a complaint with the Board of Commissioners on Grievances and Discipline, now known as the Board of Professional Conduct, charging Bednarski with professional misconduct in two separate client matters. Because Bednarski did not answer the complaint or respond to a show-cause order, we imposed an interim default suspension under Gov.Bar R. V(14)(B)(1) on March 13, 2015. 142 Ohio St.3d 1209, 2015-Ohio-886, 28 N.E.3d 113. After Bednarski responded to an order to show cause why her interim default suspension should not be converted to an indefinite suspension, we remanded the matter to the board for consideration of mitigation evidence only. 144 Ohio St.3d 1402, 2015-Ohio-4800, 41 N.E.3d 442.

**{¶ 3}** Bednarski is deemed to have committed the charged ethical violations by virtue of her default and failure to timely move this court for leave to answer the charges against her. *See* Gov.Bar R. V(14)(A) and (C). After a hearing at which Bednarski testified and admitted her misconduct, a panel of the board recommended that she be suspended from the practice of law for two years with the final six months stayed on the condition that she engage in no further misconduct. In addition, the panel recommended that Bednarski receive no credit for the time served under her interim default suspension, submit to an evaluation conducted by the Ohio Lawyers Assistance Program ("OLAP") and comply with all recommendations flowing from that evaluation, make restitution to one client, complete 12 hours of continuing legal education ("CLE") in law-office management, and serve two years of monitored probation upon her reinstatement to the practice of law.

**{¶ 4}** The board adopted the panel's findings and recommended sanction but also suggested that compliance with the panel's suggested OLAP, restitution, and CLE requirements be imposed as conditions of the stay. We adopt the board's report in its entirety and suspend Bednarski from the practice of law for two years

with the final six months stayed on conditions and with no credit for time served under her interim default suspension.

## Misconduct

### *Count One*

{¶ **5**} David Jones Jr. retained Bednarski to represent him in an appeal of a criminal conviction and paid her a flat fee of $1,500. Bednarski did not maintain a client trust account, did not enter a written fee agreement with Jones, and did not notify him in writing that if she did not complete the representation he may be entitled to a refund of all or part of the fee. She also failed to have Jones sign an acknowledgment that she did not carry professional liability insurance. After entering an appearance in the appeal and requesting an extension of time for filing the brief, Bednarski did not respond to Jones's numerous attempts to contact her. She also failed to file a brief on Jones's behalf, and the appeal was dismissed for lack of prosecution. Consequently, the stay of Jones's sentence pending appeal was lifted and he was ordered to report to the adult parole authority to commence his sentence.

{¶ **6**} Bednarski's conduct is deemed to have violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(1) (requiring a lawyer to inform the client of any decision or circumstance with respect to which the client's informed consent is required), 1.4(a)(2) (requiring a lawyer to reasonably consult with the client about the means by which the client's objectives are to be accomplished), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional liability insurance and obtain a signed acknowledgment of that notice from the client), 1.5(d)(3) (prohibiting a lawyer from charging a flat fee without

simultaneously advising the client in writing that the client may be entitled to a refund of all or part of the fee if the lawyer does not complete the representation), and 1.15(c) (requiring a lawyer to deposit advance legal fees and expenses into a client trust account, to be withdrawn by the lawyer only as fees are earned or expenses incurred) as alleged in relator's complaint.

*Count Two*

{¶ 7} Kacee Rae Moser retained Bednarski to defend her against a felony charge and a subsequent misdemeanor charge for conduct that allegedly occurred while she was released on bond to house arrest. Moser paid Bednarski $1,360 for the representation, but there was no written fee agreement. Bednarski did not have a client trust account and did not carry professional liability insurance. Nor did she have Moser sign a notice that she may be entitled to a refund of all or part of the fee if Bednarski failed to complete the representation. Bednarski successfully defended the misdemeanor charge, but due to a breakdown in communication before a jury trial on the felony charge, she informed Moser that she was preparing a motion to withdraw from the case. Although Moser's new counsel entered an appearance in the case, Bednarski never moved the court to permit her to withdraw from the representation. Bednarski's conduct in this case is deemed to have violated Prof.Cond.R. 1.4(c) and 1.15(c) as alleged in relator's complaint.

**Sanction**

{¶ 8} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 9} The parties stipulated that the applicable aggravating factors include a pattern of misconduct, multiple offenses, a lack of cooperation in the disciplinary process, the vulnerability of and resulting harm to the victims of the misconduct, and Bednarski's failure to make $1,515.10 in restitution to Jones (relator did not

dispute that Bednarski earned the fee she collected from Moser). *See* Gov.Bar R. V(13)(B)(3), (4), (5), (8), and (9). Stipulated mitigating factors include the absence of a prior disciplinary record and the absence of a dishonest or selfish motive. *See* Gov.Bar R. 13(C)(1) and (2).

**{¶ 10}** The parties agreed that the appropriate sanction for Bednarski's misconduct is a two-year suspension from the practice of law with no credit for time served under the interim default suspension, with additional requirements that she (1) submit to an OLAP evaluation and comply with any treatment recommendations, (2) pay $100 per month toward restitution, and (3) take at least one credit hour of CLE per month during her suspension, with at least 12 hours focused on law-office management and three hours focused on professional conduct. The parties also agreed that upon reinstatement, Bednarski should be required to serve a one-year period of monitored probation.

**{¶ 11}** The panel and board adopted the parties' stipulated aggravating and mitigating factors but also considered additional factors in crafting their recommended sanction.

**{¶ 12}** Bednarski testified that after her admission to the bar, she practiced law with her husband, who assumed primary responsibility for the firm's accounting and books. But after they divorced, she "could not quite manage to do it by [her]self." She stated that the bank closed her client trust account approximately ten days after she opened it. Because she was not making enough money to support herself, the utilities at her home—where she also had her office—were shut off. She began living in her car or with friends and did not always receive her mail.

**{¶ 13}** Bednarski also testified that while she was married, she was drinking four or five drinks—usually whiskey and ginger ale—every day. This pattern of drinking continued following her 2009 divorce until her 2015 hospitalization for pancreatitis, which she attributed to her excessive drinking. However, Bednarski

has never been diagnosed or treated for any addiction or mental-health condition. Although she agreed during a deposition in the context of this disciplinary proceeding that she would contact OLAP, she never did so, because she wanted to handle her drinking problem by herself. While Bednarski admitted that she needs professional treatment for her drinking problem, she had not done anything about it at the time of her disciplinary hearing and seemed to think that it was under control—even though she admitted that she still drinks a couple of glasses of wine with dinner.

{¶ 14} In addition to Bednarski's untreated drinking problem, her failure to cooperate with relator's investigation was also noted by the board as a factor of particular concern. Moreover, her failure to cooperate continued even after this court remanded the matter to the board for consideration of mitigating evidence. She failed to participate in a prehearing conference call and failed to fully comply with an order issued by the panel chairperson following that conference. She also failed to avail herself of relator's offer to provide free CLE instruction, failed to follow through on her expressed intent to submit a posthearing brief to the panel, and admitted that if she were to resume the practice of law, she would need to ask for help and become more organized because her biggest problem was that she "had no organization whatsoever."

{¶ 15} Bednarski's only character witness—a common pleas court bailiff who has known her for approximately 15 years—expressed her belief that Bednarski's disciplinary problems were a consequence of her financial difficulties and her focus on "survival." She also testified that she had observed positive changes in Bednarski's behavior in the two years preceding the hearing, noting that she had gotten healthy, gotten her finances under control, was working, and had a stable residence.

{¶ 16} The panel recommended that Bednarski be suspended from the practice of law in Ohio for two years with no credit for the time served under the

interim default suspension order and with the final six months stayed on the condition that she have no further disciplinary violations. Further, the panel recommended that she be required to (1) schedule mental-health and substance-abuse assessments with OLAP within 30 days of this court's decision, and if OLAP determines that treatment is necessary, enter into an OLAP contract for a duration to be determined by OLAP and comply with all treatment recommendations, (2) pay $100 per month to relator, who will forward the money to her former client Jones, until the $1,515.10 in restitution owed to Jones is paid in full, (3) complete 12 hours of CLE related to law-office management in addition to the requirements set forth in Gov.Bar R. X(13), and (4) serve *two* years of monitored probation with a focus on law-office management upon her reinstatement to the practice of law—rather than the one year recommended by the parties.

{¶ 17} The board adopted the panel's recommended sanction of a two-year suspension with six months stayed and a two-year period of monitored probation, but the board also suggested that the OLAP, restitution, and CLE requirements—like the requirement that she engage in no further misconduct—be conditions of the stay.

{¶ 18} Both the panel and board recognized that the recommended sanction appeared to be more severe than the sanctions this court has imposed in comparable cases. *See*, *e.g.*, *Toledo Bar Assn. v. Stewart*, 135 Ohio St.3d 316, 2013-Ohio-795, 986 N.E.2d 947 (imposing a two-year suspension with the second year stayed on conditions for a pattern of misconduct that included failing to provide competent and diligent legal representation, failing to hold client property in an account separate from the lawyer's own property, failing to promptly deliver funds or other property that a client is entitled to receive, and failing to cooperate in some of the ensuing disciplinary investigations); *Columbus Bar Assn. v. Williams*, 129 Ohio St.3d 603, 2011-Ohio-4381, 955 N.E.2d 354 (imposing a two-year suspension fully stayed on the conditions that the attorney commit no further acts of misconduct,

comply with the terms of his OLAP contract, and submit to requests for drug testing for misconduct that included failing to file an appellate brief in a criminal matter, failing to appear and defend another client at a criminal trial, failing to reasonably communicate with clients, and failing to withdraw from representation when the attorney's physical or mental condition materially impaired his ability to represent his clients); *Stark Cty. Bar Assn. v. Marinelli*, 144 Ohio St.3d 341, 2015-Ohio-2570, 43 N.E.3d 402 (imposing a two-year suspension with the second year stayed on the conditions that the attorney execute and comply with an OLAP contract, establish a client trust account, comply with all mandatory CLE requirements, provide a recommendation from her counselor or OLAP stating that she is competent to return to the practice of law, and serve two years of monitored probation for misconduct that included failing to file bankruptcy petitions for 20 clients, failing to promptly refund unearned fees, and knowingly failing to respond to relator's demands for information); *Disciplinary Counsel v. Talikka*, 135 Ohio St.3d 323, 2013-Ohio-1012, 986 N.E.2d 954 (imposing a two-year suspension with one year stayed on conditions on an attorney who failed to file documents on behalf of three clients, failed to inform two of those clients that their cases had been dismissed, failed to refund the unearned portion of his client's fees, and failed to safeguard client funds). The panel and the board concluded that a greater sanction is warranted in this case, however, because Bednarski is "far from ready to resume the practice of law," given her prolonged history of an untreated drinking problem, her failure to cooperate in the disciplinary process, her lack of the basic organizational skills necessary to handle the financial and management aspects of a law practice, her failure to take advantage of relator's offer of free CLE, and her apparent isolation from family and friends.

{¶ 19} Having thoroughly reviewed the record and considered our precedents, we adopt the board's findings of fact and misconduct and aggravating and mitigating factors. We also agree that a two-year suspension with the final six

months stayed on the conditions recommended by the board and with no credit for time served under the interim default suspension is the appropriate sanction for Bednarski's misconduct.

**{¶ 20}** Accordingly, Holly Lynn Bednarski is suspended from the practice of law in Ohio for two years with the final six months stayed on the conditions that she (1) schedule mental-health and substance-abuse assessments with OLAP within 30 days of this decision and, if OLAP determines that treatment is necessary, enter into an OLAP contract for a duration to be determined by OLAP and comply with all treatment recommendations, (2) pay $100 per month to relator, who will forward the money to her former client Jones, until the $1,515.10 in restitution owed to Jones is paid in full, (3) complete 12 hours of CLE related to law-office management in addition to the requirements set forth in Gov.Bar R. X(13), and (4) commit no further misconduct.

**{¶ 21}** Upon reinstatement to the practice of law, Bednarski shall serve two years of monitored probation focused on law-office management in accordance with Gov.Bar R. V(21). If Bednarski fails to comply with the terms of the stay, the stay will be lifted and she will serve the full two-year suspension. Costs are taxed to Bednarski.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

O'NEILL, J., dissents, and would grant respondent credit for time served under interim default suspension.

_____

Roetzel & Andress and Karen Adinolfi; and Thomas P. Kot, Bar Counsel, for relator.

Holly Lynn Bednarski, pro se.

_____