NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-7

DISCIPLINARY COUNSEL *v*. DEMASI.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. DeMasi,* **Slip Opinion No. 2018-Ohio-7.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including making a false statement to a tribunal, engaging in conduct prejudicial to the administration of justice, engaging in conduct that adversely reflects on the lawyer's fitness to practice law, failing to provide competent representation and failing to act with reasonable diligence in representing a client, failing to communicate with a client, engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, and neglecting or refusing to assist in a disciplinary investigation—Indefinite suspension with no credit for time served under interim default suspension.*

(No. 2016-0994—Submitted September 13, 2017—Decided January 3, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-016.

_____

**Per Curiam.**

{¶ 1} Respondent, Michelle Lynn DeMasi, whose last known address was in Akron, Ohio, Attorney Registration No. 0078628, was admitted to the practice of law in Ohio by motion in 2005.

{¶ 2} On April 29, 2016, relator, disciplinary counsel, filed a complaint charging DeMasi with multiple violations of the Rules of Professional Conduct arising from her conduct as the defendant in a debt-collection proceeding and her representation of a single client. Because DeMasi did not answer the complaint or respond to a show-cause order, we imposed an interim default suspension under Gov.Bar R. V(14)(B)(1) on August 4, 2016. 147 Ohio St.3d 1211, 2016-Ohio-5220, 63 N.E.3d 133. After DeMasi responded to an order to show cause why her interim default suspension should not be converted to an indefinite suspension, we remanded the matter to the Board of Professional Conduct for consideration of mitigating evidence only. 148 Ohio St.3d 1438, 2017-Ohio-1345, 72 N.E.3d 653.

{¶ 3} DeMasi is deemed to have committed the charged ethical violations by virtue of her default and failure to timely move this court for leave to answer the charges against her. *See* Gov.Bar R. V(14)(A) and (C). After a hearing at which DeMasi testified regarding certain factors that she believed to be mitigating, a panel of the board recommended that she be indefinitely suspended from the practice of law. The panel also recommended that DeMasi receive no credit for the time served under her interim default suspension and that she be required to satisfy certain conditions before being reinstated to the practice of law.

{¶ 4} The board adopted the panel's findings and recommended sanction. We adopt the board's report in its entirety and indefinitely suspend DeMasi from the practice of law with no credit for time served under her interim default suspension.

**Misconduct**

*Count One*

{¶ 5} The first count of the complaint arises from DeMasi's refusal to participate in a judgment-debtor examination after the Barberton Municipal Court granted summary judgment to one of her creditors. She was held in contempt of court and jailed when she disobeyed the judge's orders to answer the questions posed to her. The court agreed to release DeMasi the next day based on her agreement to participate in the debtor's exam. But following her release, she filed an affidavit of disqualification against the judge (which was later denied) and once again failed to appear for the debtor's exam.

{¶ 6} When a bailiff served DeMasi with an order to show cause why she should not be held in contempt of court, she exited her home, stood in the path of the bailiff's vehicle, and refused to move. Local police responded and placed DeMasi in the back of a patrol car. From there, she called 9-1-1 to report that she was being kidnapped. As a result of her conduct, she was charged with obstruction of official business. She also was served with a second notice of her upcoming contempt hearing.

{¶ 7} DeMasi appeared to be arraigned on her criminal charge on April 23, 2015, and her arraignment was rescheduled. On that same date, she unsuccessfully sought a writ of prohibition to prevent the judge in the underlying civil case from taking further action and was served with a third notice of the contempt hearing, which was scheduled for the following day. Falsely claiming that she had not previously received notice of that hearing, DeMasi requested and received a continuance.

{¶ 8} Although DeMasi and opposing counsel both appeared at the rescheduled contempt hearing, DeMasi left when the judge was delayed. In her motion to dismiss the resulting arrest warrant, she falsely claimed that opposing counsel had not been present at the hearing. DeMasi was arrested for failing to

appear for her rescheduled arraignment on her initial criminal charge and was released on bond. She later finally completed the debtor's exam and her criminal charges were dismissed upon her completion of community service.

{¶ 9} DeMasi's conduct in this matter is deemed to have violated Prof.Cond.R. 3.3(a)(1) (prohibiting a lawyer from knowingly making a false statement of fact or law to a tribunal), 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), as alleged in relator's complaint.

*Count Two*

{¶ 10} The allegations in count two of the complaint relate to DeMasi's representation of Pamela Craven, a client referred to her by a local bar association, in a contract dispute. Although DeMasi filed a complaint on Craven's behalf, she failed to keep Craven informed about the status of the case on numerous occasions as the case progressed, failed to respond to discovery requests multiple times, and failed to timely respond to Craven's communications. She also failed to respond to a motion for summary judgment, which the court later granted against Craven.

{¶ 11} After the court had notified Craven of the judgment against her, DeMasi finally contacted her just one day before the deadline for filing an appeal. DeMasi demanded $1,200 to file an appeal of the judgment. Because Craven was unable to meet DeMasi's demand in time, an appeal was never filed. Craven requested the return of her documents and the return of a $120 money order that she had given DeMasi to pay the filing fee for an amended complaint that DeMasi had never filed. DeMasi did not refund the money or place it in a client trust account and she did not return Craven's documents as requested. She had not informed Craven when her malpractice insurance had lapsed, and when she eventually informed Craven of the lapse, DeMasi falsely attributed that lapse to her withdrawal from the bar association's referral program.

**{¶ 12}** DeMasi's conduct regarding this count is deemed to have violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(1) (requiring a lawyer to inform the client of any decision or circumstance with respect to which the client's informed consent is required), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional-liability insurance), 1.15(a) (requiring a lawyer to hold the property of clients in an interest-bearing client trust account, separate from the lawyer's own property), 1.16(d) (requiring a lawyer withdrawing from representation to take steps reasonably practicable to protect a client's interest), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d), as alleged in relator's complaint.

*Count Three*

**{¶ 13}** DeMasi first overdrew her client trust account in December 2014, and when she later again overdrew the account and failed to restore it to a zero balance, her bank closed the account. DeMasi failed to respond to relator's requests for information regarding her client trust account and did not comply with a subpoena ordering her to appear for deposition. By this conduct she is deemed to have violated Prof.Cond.R. 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation) and Gov.Bar R. V(9)(G) (prohibiting a lawyer from neglecting or refusing to assist in a disciplinary investigation), as alleged in relator's complaint.

**Sanction**

**{¶ 14}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the

aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 15} At the remand hearing, DeMasi stated that she had no evidence to offer in mitigation aside from what she had provided to this court with her objections to the proposed conversion of her interim default suspension into an indefinite suspension. She testified that although she had not returned Craven's money order to her, she believed that Craven's husband had canceled it and obtain a refund, but she had no evidence to substantiate that belief. DeMasi also spoke about various matters that she has been concerned about—matters that caused the board to question her mental health. Specifically, the board found that DeMasi's testimony focused on what could only be described as her belief in conspiracies by unknown persons "regarding cases referred to her by the bar association and other events for which she could not discern a reasonable explanation." For example, DeMasi believed that her client trust account had been subject to fraud. But she stated that the bank would not cooperate with her to discover how the fraud was being perpetrated. And when asked where she currently resides, DeMasi stated that she is a "transient" and that she could be viewed as living in different locations in West Virginia and Ohio but that she was currently residing with a friend of a friend in Akron.

{¶ 16} Aggravating factors found by the board include DeMasi's pattern of misconduct, multiple offenses, lack of cooperation in the disciplinary process, refusal to acknowledge the wrongful nature of her misconduct, and failure to make restitution. *See* Gov.Bar R. V(13)(B)(3), (4), (5), (7), and (9). The only mitigating factor is the absence of a prior disciplinary record. *See* Gov.Bar R. V(13)(C)(1).

{¶ 17} Based on the foregoing, the board found that DeMasi is not ready to resume the practice of law and recommended that she be indefinitely suspended with no credit for time served during the interim default suspension. The board also recommended that in addition to making restitution of $120 to Craven, she

should be required to submit proof that she has completed a mental-health evaluation, complied with any treatment recommendations arising from that evaluation, and is able to return to the competent, ethical, and professional practice of law as conditions for reinstatement. In support of that sanction, the board considered the sanctions we imposed for similar misconduct in two other default disciplinary proceedings.

{¶ 18} In *Mahoning Cty. Bar Assn. v. Marrelli*, 144 Ohio St.3d 253, 2015-Ohio-4614, 41 N.E.3d 1242, the attorney was deemed to have charged a clearly excessive fee, improperly shared a legal fee with a lawyer outside of her firm, failed to hold client funds in an interest-bearing client trust account, engaged in dishonesty, and failed to cooperate in the ensuing disciplinary investigation. But there were no aggravating factors present and just one mitigating factor—the absence of a dishonest or selfish motive. Therefore, we adopted the board's recommendation and indefinitely suspended Marrelli from the practice of law with credit for time served under her interim default suspension.

{¶ 19} In *Akron Bar Assn. v. Bednarski*, 148 Ohio St.3d 615, 2017-Ohio-522, 71 N.E.3d 1093, the attorney neglected and failed to provide competent representation to a single client, failed to reasonably communicate with that client, and charged a flat fee without properly advising the client of the potential for a full or partial refund if the representation was not completed. She also failed to deposit unearned fees from two clients into her client trust account and to advise those clients in writing that she did not carry professional-liability insurance. On remand for the consideration of mitigating evidence, Bednarski stipulated to aggravating factors that included a pattern of misconduct, multiple offenses, a lack of cooperation in the disciplinary process, the vulnerability of and resulting harm to her clients, and her failure to make restitution to one of those clients. She also stipulated to two relevant mitigating factors—the absence of a prior disciplinary record and the absence of a dishonest or selfish motive.

**{¶ 20}** Based on additional findings that Bednarski had a longstanding and untreated drinking problem, failed to fully cooperate in the disciplinary process on remand, and lacked the basic organizational skills necessary to handle the financial and management aspects of her law practice, we suspended her from the practice of law for two years. We did not grant her credit for the time served under her interim default suspension, but we agreed to stay the final six months of that suspension on conditions that included participation in mental-health and substance-abuse assessments, compliance with all treatment recommendations, and the payment of restitution.

**{¶ 21}** DeMasi's client-related misconduct is comparable to that of Marrelli and Bednarski. But DeMasi's disobedience of multiple court orders in her own judgment-debtor proceeding was also prejudicial to the administration of justice and raises significant concerns about her mental health and her ability to obey the law and manage her own affairs—let alone the affairs of her clients. DeMasi's testimony before the hearing panel serves only to heighten those concerns. In the absence of any additional mitigating evidence, we agree that the appropriate sanction for DeMasi's misconduct is an indefinite suspension with no credit for time served under the interim default suspension.

**{¶ 22}** Accordingly, Michelle Lynn DeMasi is indefinitely suspended from the practice of law in Ohio with no credit for time served under the interim default suspension. In addition to the conditions of reinstatement set forth in Gov.Bar R. V(25), DeMasi shall be required to submit proof that she (1) has refunded $120 to Craven, (2) has been evaluated by a qualified health-care professional for the existence of any mental, substance-use, or nonsubstance-related disorders, (3) has complied with any treatment recommendations made as a result of that evaluation, and (4) is able to return to the competent, ethical, and professional practice of law. Costs are taxed to DeMasi.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

————————————

Scott J. Drexel, Disciplinary Counsel, and Donald M. Scheetz, Assistant Disciplinary Counsel, for relator.

Michelle Lynn DeMasi, pro se.

————————————