[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cincinnati Bar Assn. v. Burgess*, Slip Opinion No. 2021-Ohio-2187.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-2187

CINCINNATI BAR ASSOCIATION *v.* BURGESS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cincinnati Bar Assn. v. Burgess*, Slip Opinion No. 2021-Ohio-2187.]

*Attorneys—Misconduct—Multiple violations deemed admitted for failure to answer complaint—Interim default suspension terminated—Conditions for reinstatement—Conditionally stayed one-year suspension upon reinstatement with monitored probation.*

(No. 2019-1457—Submitted March 31, 2021—Decided June 30, 2021.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2019-049.

_____

**Per Curiam.**

{¶ 1} Respondent, Andrew Thomas Burgess, of Cincinnati, Ohio, Attorney Registration No. 0094128, was admitted to the practice of law in Ohio in 2016.

{¶ 2} On September 6, 2019, relator, Cincinnati Bar Association, filed a complaint with the Board of Professional Conduct charging Burgess with professional misconduct in two client matters. Burgess failed to answer the complaint, and on November 22, 2019, we imposed an interim default suspension pursuant to Gov.Bar R. V(14)(B)(1). 158 Ohio St.3d 1254, 2019-Ohio-4772, 145 N.E.3d 327. Over six months later, we issued an order to show cause directing Burgess to explain why his interim default suspension should not be converted into an indefinite suspension. Burgess responded, and on July 13, 2020, we remanded the matter to the board for consideration of mitigation evidence only. 159 Ohio St.3d 1442, 2020-Ohio-3689, 149 N.E.3d 511. Because of Burgess's default and failure to timely move this court for leave to answer the charges against him, he is deemed to have committed the charged ethical violations. *See* Gov.Bar R. V(14)(A) and (C); *Akron Bar Assn. v. Bednarski*, 148 Ohio St.3d 615, 2017-Ohio-522, 71 N.E.3d 1093, ¶ 3.

{¶ 3} During the remand hearing, Burgess testified about factors in his personal and professional life that he believed to be mitigating. The board issued a report recommending that we reinstate Burgess from his interim default suspension upon completion of certain conditions and, upon his reinstatement, impose a conditionally stayed one-year suspension for his misconduct. Neither party has objected to the board's report and recommendation.

{¶ 4} Based on our independent review of the record, we adopt the board's recommended sanction.

## Misconduct

### Count One

{¶ 5} The first count of relator's complaint relates to Burgess's representation of Kelli Knuth in a divorce case in Hamilton County. Relator alleged that in February 2018, Burgess filed the divorce complaint and a motion for temporary orders regarding the custody and support of Knuth's minor children.

2

Although Knuth had emphasized to Burgess the importance of the temporary orders, he failed to comply with a local court rule regarding service of the motion; therefore, a magistrate did not timely review it. The court later requested that counsel set an expedited or oral hearing on the temporary orders, but Burgess failed to schedule the hearing with the docketing office. He also failed to notify Knuth of the court's request. In addition, he did not raise the subject of the temporary orders at April, June, and August 2018 scheduling conferences.

{¶ 6} Burgess later failed to appear at an October 2018 status conference. And in December 2018, he failed to appear for the scheduled trial and failed to notify Knuth that he could not attend the trial. By late December 2018, the court had not yet issued an order regarding support for Knuth and she sent Burgess an e-mail terminating the representation and requesting a refund. After Burgess failed to respond, Knuth sent him a letter terminating his services. Knuth thereafter retained new counsel, and both Knuth and her new counsel repeatedly requested that Burgess return Knuth's case file. Burgess, however, failed to do so. And in March 2019, he falsely represented to Knuth that her new attorney had her file, even though the file was not delivered to Knuth's attorney until days later—after relator commenced the disciplinary investigation.

{¶ 7} As alleged in relator's complaint, Burgess's conduct is deemed to have violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep a client reasonably informed about the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from a client), 1.16(d) (requiring a lawyer, as part of termination of representation, to take steps reasonably practicable to protect a client's interests, including the prompt delivery of client papers and property), and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

*Count Two*

{¶ 8} The second count of relator's complaint relates to Burgess's limited-scope representation of Rodney Riddle in the Summit County Domestic Relations Court. Relator alleged that in July 2018, Burgess agreed to draft a proposed separation agreement, negotiate a settlement, and draft a closing argument in Riddle's ongoing divorce case in which he had been acting pro se. Burgess entered a notice of appearance, but upon completing at least some of the agreed-upon work, he failed to move to withdraw as required by a local court rule. A few months later, Riddle resumed his pro se representation and repeatedly attempted to reach Burgess to request the return of his file. Burgess, however, did not return the file until Riddle filed a grievance. Burgess's conduct is deemed to have violated Prof.Cond.R. 1.4(a)(4) and 1.16(d), as alleged in relator's complaint.[1]

**Sanction**

{¶ 9} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 10} At his remand hearing, Burgess testified that he opened a solo practice after obtaining his law license but quickly became overwhelmed. He also testified about issues in his personal life. In 2019, he closed his law practice and started working for an insurance company. The company, however, terminated him

---

1. The board also found that Burgess violated Prof.Cond.R. 1.16(c) (prohibiting a lawyer from withdrawing from representation in a proceeding without leave of court if the rules of the tribunal so require) and 3.4(c) (prohibiting a lawyer from knowingly disobeying an obligation under the rules of a tribunal). Relator, however, did not allege those two rule violations in the underlying complaint. The board presumably relied on relator's first complaint against Burgess, in which relator had alleged violations of Prof.Cond.R. 1.16(c) and 3.4(c) in count two. *See Cincinnati Bar Assn. v. Burgess*, Board of Professional Conduct case No. 2019-026 (July 11, 2019). The board chairperson, however, dismissed relator's first complaint without prejudice because relator had failed to comply with the notice provisions of Gov.Bar R. V(10)(A). When relator filed the underlying complaint in September 2019, relator did not include violations of Prof.Cond.R. 1.16(c) and 3.4(c) in count two. Burgess is deemed to have violated only the rules charged in the underlying complaint.

after imposition of the interim default suspension. Burgess testified that with encouragement from his wife, he consulted with the Ohio Lawyers Assistance Program ("OLAP") and was referred to a doctor who diagnosed him with a depressive disorder. According to Burgess, he has since commenced therapy, made other life changes, and is in a much better mental state than at the time of the underlying misconduct.

{¶ 11} As for mitigating factors, the board found that Burgess has a clean disciplinary record, had made full and free disclosures to the board after becoming involved in the disciplinary process, had submitted evidence of good character, and had expressed remorse for his misconduct. *See* Gov.Bar R. V(13)(C)(1), (4), and (5). The board also found that even though Burgess was deemed to have violated Prof.Cond.R. 8.4(c), he had not attempted to benefit personally from his misconduct and therefore lacked a dishonest or selfish motive. *See* Gov.Bar R. V(13)(C)(2). The board noted Burgess's testimony about his diagnosis and therapy, but the board concluded—and we agree—that he did not establish the existence of a qualifying mental disorder under Gov.Bar R. V(13)(C)(7). The board concluded that Burgess "was woefully unprepared to handle the difficulties involved in operating his own solo practice" and that when he became overwhelmed, he "simply withdrew from dealing with the problems and failed to respond to communications from his clients."

{¶ 12} As for aggravating factors, the board found that Burgess had engaged in a pattern of misconduct, committed multiple offenses, initially failed to participate in the disciplinary process, and caused harm to Knuth, who was a vulnerable client. *See* Gov.Bar R. V(13)(B)(3), (4), (5), and (8).[2]

---

2. After we imposed Burgess's interim default suspension, relator filed in this court a notice of restitution pursuant to Gov.Bar R. V(14)(B)(2) claiming that Burgess owed restitution to three former clients who were not subjects of relator's underlying complaint. During the remand hearing, the chairperson of the hearing panel prohibited relator from introducing evidence about grievances related to those three former clients because those grievances were not included in relator's current

**{¶ 13}** The board recommends that we suspend Burgess for one year with the entire suspension stayed on conditions, including that he submit to monitored probation and complete continuing-legal-education ("CLE") courses on office management, client communications, and case management. The board also recommends that we impose additional conditions on Burgess's reinstatement from his interim default suspension, including an OLAP evaluation. To support its recommendation, the board cited several cases in which we imposed a comparable sanction for similar misconduct.

**{¶ 14}** For example, in *Cleveland Metro. Bar Assn. v. Mariotti*, 158 Ohio St.3d 522, 2019-Ohio-5191, 145 N.E.3d 286, an attorney committed professional misconduct in two client matters. In the first matter, he neglected a client's civil case and made a false statement to the client about the status of the case. In the second matter, he failed to communicate with his client about the scope of the representation and failed to deposit an unearned fee into his client trust account. In both matters, he failed to notify the client that he lacked malpractice insurance. He also failed to cooperate in the ensuing disciplinary investigations and timely answer the disciplinary complaint, resulting in an interim default suspension. Aggravating factors included prior CLE and attorney-registration suspensions, a pattern of misconduct, multiple offenses, and a dishonest and selfish motive. Mitigating factors included the attorney's full cooperation in the disciplinary proceedings on remand and genuine remorse for his misconduct. We concluded that a one-year suspension stayed on conditions, including a period of monitored probation and completion of CLE in law-office management, would "adequately protect the public from future harm." *Id.* at ¶ 27.

---

complaint against Burgess. *See also* Gov.Bar R. V(14)(B)(2) (authorizing a relator to file a notice of restitution with the Supreme Court if the relator determines that a respondent owes restitution "to clients or third parties as a result of the misconduct alleged in the formal complaint").

{¶ 15} In *Disciplinary Counsel v. Pfundstein*, 128 Ohio St.3d 61, 2010-Ohio-6150, 941 N.E.2d 1180, an attorney engaged in similar professional misconduct in two matters, although for the same client. The attorney neglected the client's cases and made misrepresentations to the client about the status of both matters. Aggravating factors included a pattern of misconduct and multiple offenses. Mitigating factors included the attorney's clean disciplinary record, his display of a cooperative attitude and remorse during the disciplinary proceedings, evidence of good character and reputation, the lack of harm to the client, and a qualifying mental disability. We found that despite the attorney's dishonest conduct, the mitigating evidence supported imposition of a one-year suspension, stayed in its entirety on conditions, including that the attorney submit to monitored probation and comply with his OLAP contract.

{¶ 16} We agree with the board that the nature of Burgess's misconduct and the balance of aggravating and mitigating factors are comparable to the circumstances in *Mariotti* and *Pfundstein* and that a similar sanction is therefore warranted. We also conclude that the board's recommended conditions—on both the stayed suspension and Burgess's reinstatement from his interim default suspension—are appropriately tailored to address the causes of his misconduct. *See, e.g.*, *Disciplinary Counsel v. Oberholtzer*, 136 Ohio St.3d 314, 2013-Ohio-3706, 995 N.E.2d 217, ¶ 35 (noting that "we tailor the conditions for staying a suspension to the causes of the attorney's misconduct"). We therefore adopt the board's recommended sanction.

## Conclusion

{¶ 17} For the reasons explained above, Andrew Thomas Burgess's interim default suspension imposed on November 22, 2019, is terminated, but his reinstatement to the practice of law is conditioned upon his applying for reinstatement, demonstrating that he has complied with this court's November 22, 2019 interim-default-suspension order, and submitting additional proof that he (1)

has undergone an OLAP evaluation, (2) is following any treatment or counseling recommendations resulting from that evaluation, and (3) has paid the costs of these proceedings.

{¶ 18} Upon Burgess's reinstatement to the practice of law, he will be suspended for one year, fully stayed on the conditions that he (1) complete a one-year period of monitored probation pursuant to Gov.Bar R. V(21) with monitoring focused on law-office management, client communication, case management, and compliance with any treatment or counseling recommendations arising from the OLAP evaluation, (2) complete at least six hours of CLE on office management, client communication, and case management, in addition to the other requirements of Gov.Bar R. X, and (3) refrain from any further misconduct. If Burgess fails to comply with any condition of the stay, the stay will be lifted and he will serve the full one-year suspension. Costs are taxed to Burgess.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Edwin W. Patterson III, Bar Counsel; Essig & Evans, L.L.P., and Ross M. Evans; and Rendigs, Fry, Kiely & Dennis, L.L.P., and Arthur E. Phelps Jr., for relator.

Montgomery Jonson, L.L.P., George D. Jonson, and Lisa M. Zaring, for respondent.

_____