CINCINNATI BAR ASSOCIATION *v.* BURGESS.

[Cite as *Cincinnati Bar Assn. v. Burgess*, ___ Ohio St.3d ___, 2023-Ohio-65.]

(No. 2019-1457—Submitted January 11, 2023—Decided January 13, 2023.)

ON APPLICATION FOR REINSTATEMENT.

_____

{¶ 1} This cause came on for further consideration upon the filing of an application for reinstatement by respondent, Andrew Thomas Burgess, Attorney Registration No. 0094128, last known address in Bothell, Washington.

{¶ 2} The court coming now to consider its order of June 30, 2021, wherein the court terminated the November 22, 2019 interim default suspension imposed against respondent and ordered that respondent's reinstatement to the practice of law be conditioned upon his applying for reinstatement, demonstrating that he has complied with this court's November 22, 2019 interim default suspension order, and submitting additional proof that he (1) had undergone an Ohio Lawyers Assistance Program ("OLAP") evaluation, (2) had followed any treatment or counseling recommendations resulting from that evaluation, and (3) had paid the costs of these proceedings, finds that respondent has complied with that order and with the provisions of Gov.Bar R. V(24). Therefore, it is ordered by this court that respondent is reinstated to the practice of law in the state of Ohio.

{¶ 3} It is further ordered, consistent with this court's June 30, 2021 opinion, that respondent is suspended from the practice of law for a period of one year, fully stayed on the conditions that he (1) complete a one-year period of monitored probation pursuant to Gov.Bar R. V(21) with monitoring focused on law-office management, client communication, case management, and compliance with any treatment or counseling recommendations arising from the OLAP evaluation, (2) complete at least six hours of continuing legal education on office

management, client communication, and case management, in addition to the other requirements of Gov.Bar R. X, and (3) refrain from any further misconduct. It is further ordered that if respondent fails to comply with any condition of the stay, the stay will be lifted and he will serve the full one-year suspension.

{¶ 4} It is further ordered that the Office of Attorney Services shall not issue a certificate of good standing to respondent during any period of suspension, including any stayed period of suspension.

{¶ 5} It is further ordered that on or before thirty days from the date of this order relator shall file with the clerk of this court the name of the attorney who will serve as respondent's monitor, in accordance with Gov.Bar R. V(21)(A)(3). It is further ordered that at the end of respondent's probationary period, relator shall file with the clerk of this court a report indicating whether respondent, during the probationary period, complied with the terms of the probation.

{¶ 6} It is further ordered that at the end of the probationary period respondent may apply for termination of probation as provided in Gov.Bar R. V(21). It is further ordered that respondent's probation shall not be terminated until (1) respondent files an application for termination of probation in compliance with Gov.Bar R. V(21)(D), (2) respondent complies with this and all other orders issued by this court, (3) respondent complies with the Rules for the Government of the Bar of Ohio, (4) relator files with the clerk of this court a report indicating that respondent has complied with the terms of the probation, and (5) this court orders that the probation be terminated.

{¶ 7} It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(17)(E)(1) and that publication be made as provided for in Gov.Bar R. V(17)(E)(2).

{¶ 8} For earlier case, see *Cincinnati Bar Assn. v. Burgess*, 165 Ohio St.3d 274, 2021-Ohio-2187, 178 N.E.3d 476.

2

KENNEDY, C.J., and FISCHER, DeWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————————